UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Roderick Joe**, # 270004, | ) C/A No. 8:10-2897-JMC-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Willie Eagleton**, *Warden of Evans Corr. Inst.*; <br> **J. Ozmint**, *Director of SCDC*; <br> **David M. Tatarsky**, *SCDC General Counsel*, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Evans Correctional Institution. The plaintiff has brought suit, pursuant to 42 U.S.C. § 1983, against the Warden of the Evans Correctional Institution, the Director of the South Carolina Department of Corrections, and the General Counsel of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) reveals that the plaintiff is serving a seventeen-year sentence for voluntary manslaughter entered in the Court of General Sessions for Sumter County in 2000.

In his answers on page 2 of the complaint, the plaintiff indicates that there is a grievance procedure at the Evans at the Evans Correctional Institution and that he has filed

1

a grievance. In five of his answers on page 2 of the Complaint, the plaintiff uses the following notation:

>     ?
>     x

(ECF No. 1, at page 2).

The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil rights action arises out of the plaintiff's dissatisfaction over prison life. The plaintiff states that he has a visual impairment, a learning impairment, and mental illness. The plaintiff alleges: (1) Director Ozmint and Warden Eagleton have been "grossly negligent" in their supervision of lower SCDC officials, who have allowed contraband, such as cell-phones and drugs, into SCDC prisons; (2) the SCDC is an "Anti-Rehabilitation" environment; (3) General Counsel Tatarsky has denied, held, misplaced the plaintiff's grievances over the past ten years; (4) the plaintiff has twenty grievances, which are over the 180-day time frame; (5) Director Ozmint has failed to create a rehabilitation program; (6) Warden Eagleton is the "most corrupted Warden within the prison system" and has denied the plaintiff's claims; (7) Warden Eagleton has allowed the plaintiff to be threatened by Sgt. M. Brown; (8) "Defendants will attempt & try to kill Plaintiff for exercising such rights before the court[;]" (9) Warden Eagleton "has such history of carring [sic] out such commends [sic] as a drug additive [sic] individual[;]" and (10) these three defendants will misuse yearly funds provided to the South Carolina Department of Corrections "to enforce the 'Sentencing Reform Act,' passed by the house." In his prayer for relief, the plaintiff seeks $250,000 in damages, other relief deemed proper by this Court, and an investigation of "this agency[.]"

*Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The plaintiff does not have standing to seek criminal charges or an investigation of the South Carolina Department of Corrections, its officials, or its prisons. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by

3

American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Moreover, this court cannot suspend or remove the defendants from their jobs at the South Carolina Department of Corrections. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

The alleged absence of an effective grievance system within the South Carolina Department of Corrections is not actionable because prisons are not constitutionally required to provide a grievance system. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Secondly, the alleged absence of an effective grievance procedure does not preclude the plaintiff from bringing suit in a federal district court. *See Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints); and *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005)( ("an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant"). *See also Hill v. Warden*, No. 08-7244, 380 Fed.Appx. 268, 270-74 (4th Cir. June 2, 2010) (where inmate alleged that prison officials hindered his ability to use the administrative process the district court needed to determine whether any defects in

4

exhaustion were procured by action or inaction of prison officials); and *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807 (4th Cir. July 12, 2010) (prisoner presented issue of fact that prison administrative process was not available because he alleged that the defendants refused to provide inmate request forms, destroyed them, or failed to respond to them).

There is no constitutional requirement that a prison provide rehabilitation programs to inmates. *See Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977) ("It has been widely recognized that rehabilitation is one of the primary purposes and goals of incarceration, although it is not mandated by any provision of the Constitution."). *See also Reck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (State has no constitutional obligation to provide educational or vocational training programs to prisoners); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (prisoners serving criminal sentences have no constitutional right to rehabilitation while in prison); and *Abdul-Akbar v. Department of Corrs.*, 910 F. Supp. 986, 1002 (D. Del. 1995) (no right to drug treatment, employment, or other rehabilitation, education, or training programs in prison), which are cited in *Anthony Joe v. Ozmint*, Civil Action No. 2:08-0585-PMD-RSC, 2009 WL 3124425 (D.S.C. Sept. 29, 2009). *Cf. Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("An important function of the corrections system is the deterrence of crime. The premise is that by confining criminal offenders in a facility where they are isolated from the rest of society, a condition that most people presumably find undesirable, they and others will be deterred from committing additional criminal offenses.").

The plaintiff's reference to "the 'Sentencing Reform Act,' passed by the house" is somewhat ambiguous. If the plaintiff is referring to the federal Sentencing Reform Act of

5

1984 *or* the Fair Sentencing Act of 2010 (signed by the President on August 3, 2010), the plaintiff cannot rely on those Acts because they apply to persons sentenced in a United States District Court.

Warden Eagleton cannot be held liable for the threats of Sergeant Brown. The doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the actions of subordinates which violate constitutional rights. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); and *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Secondly, the plaintiff has failed to show that an affirmative causal link exists between Warden Eagleton's actions and Sergeant Brown's threats, as required by *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir 1999).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.

The plaintiff's attention is directed to the important Notice on the next page.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

November 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).